**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| GURDEEP KUMAR LNU, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03435-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Gurdeep Kumar Lnu petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that Respondents (collectively, "the Government") violated the Immigration and Nationality Act (the "INA") and his rights to procedural and substantive due process. (***Id.*** at pp. 17-20). Petitioner requests that the Court order his immediate release or, alternatively, a bond hearing. (***Id***. at pp. 20-21). Because the Government did not violate the INA or Petitioner's rights to procedural or substantive due process, the petition is DENIED.

**Background**

Petitioner, a citizen of India, entered the United States illegally in 2023. (**Doc. 1-2**, p. 2). DHS arrested him and initiated removal proceedings. (***Id***.). DHS released him pending those proceedings. (***Id.***); (**Doc. 1**, p. 6). Petitioner applied for asylum. (**Doc. 1-3**, p. 2). On June 16, 2026, DHS re-arrested him. (**Doc. 1-1**, p. 4). He is currently detained at the Greene County Jail in Springfield, Missouri under 8 U.S.C. § 1225(b)(2)(A). (***Id***. at p. 2); (**Doc. 6**, p. 2).

On July 24, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention under Section 1225(b)(2)(A) is improper. (***Id.*** at p. 19). He argues that DHS violated his right to procedural due process when it revoked his release

and re-detained him. (***Id.*** at p. 18). He argues that his initial release created a liberty interest that DHS may not revoke without "meaningful individualized process." (***Id.***). He argues that his detention has become unconstitutionally prolonged. (**Doc. 7**, p. 2). And he claims that his ongoing detention without bond violates his right to substantive due process. (**Doc. 1**, p. 19).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to the INA or procedural or substantive due process.

**I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

Petitioner includes a claim for violation of the INA. (**Doc. 1**, p. 19). But he acknowledges that Section 1225(b)(2)(A) may apply to his detention. (***Id.***). He "nevertheless preserves any statutory challenge arising from the legal basis of his March 4, 2023 release and authority, if any, under which that release was later revoked." (***Id.*** at p. 20).

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and

beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, an Indian citizen, does not allege that he was admitted to the United States. His conditional release did not bestow admission. *See* ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A). If he argues that the statute under which he was initially processed must govern his re-detention, he is wrong. DHS may detain him under Section 1225(b)(2)(a) even if he was initially processed under 8 U.S.C. § 1226(a). *See* ***Avila***, 170 F.4th at 1137 (holding that "the authority granted by Congress cannot evaporate through lack of administrative exercise" (cleaned up)). He is also wrong if he argues that his re-detention violated the INA. DHS may revoke conditional parole granted under Section 1226(a) "at any time." *See* **8 U.S.C. § 1226(b)**.

**I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner argues that DHS was required to provide "meaningful pre-deprivation or prompt post-deprivation custody review" before his re-detention. (**Doc. 1**, p. 18). And he argues that his prolonged detention without bond is unconstitutional. (**Doc. 7**, p. 2). But as discussed, Petitioner's release did not bestow lawful admission. *See* ***Avila***, 170 F.4th at 1133; ***Sanchez***, 593 U.S. at 415. So the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 932, *quoting* ***Demore v. Kim***, 538 U.S. 510, 527 (2003).

Petitioner cites no statutory authority supporting his argument. He cites cases discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore***, 538 U.S. at 522 ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid

aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** And district court cases holding the contrary do not move the needle. *See* ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Petitioner's procedural due process claim fails because the legislative scheme authorized his re-detention and permits his continued detention.

## II. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." ***Zadvydas***, 533 U.S. at 690. But as discussed, detention during removal proceedings is

presumptively constitutional. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See* ***Glucksberg***, 521 U.S. at 721. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Before 1907, there was no provision permitting bail for *any* aliens during removal proceedings. ***Demore***, 538 U.S. at 523 n.7. A removable alien's right to release pending removal proceedings is not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. And detention pending removal proceedings is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

**Conclusion**

The Government did not violate the INA or Petitioner's right to procedural or substantive due process. The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2026